UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHRISTINA M. NELSON,

Plaintiff,

v.                    4:12-cv-104

OSI RESTAURANT PARTNERS, LLC, d/b/a Carrabba's Italian Grill, OS RESTAURANT SERVICES, INC., d/b/a Carrabba's Italian Grill, and CARRABBA'S ITALIAN GRILL,

Defendants.

## ORDER

### I.   INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. *See* Doc. 9.

### II.   BACKGROUND

On April 18, 2012, Plaintiff Christina M. Nelson ("Nelson") filed suit against Defendants, alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, negligent retention, negligent supervision, and intentional infliction of emotional distress, and seeking punitive damages and attorney fees among other remedies. *See* Doc. 1.

On May 9, 2012, Defendants filed a motion to dismiss Nelson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 9. In the alternative, Defendants request that the Court require Nelson to file a more definitive statement pursuant to Rule 12(e). *See* Doc. 9 at 7.

### III.   ANALYSIS

#### A.   Standard of Review

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

The *Iqbal* Court further explained the required level of specificity:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

129 S. Ct. at 1949 (internal citation and quotation omitted).

In order to assess the plausibility of a complaint, a court must be mindful of two principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for

relief survives a motion to dismiss." *Id.* at 1950.

In the alternative, Defendants request a more definitive statement. *See* Doc. 9 at 7.

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

FED. R. CIV. P. 12(e). "When considering a motion for more definite statement, courts are guided by the pleading requirements of FED. R. CIV. P. 8." *Martinez v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 834115, at *1 (M.D. Fla. Mar. 13, 2012).

Accordingly, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." *See* FED. R. CIV. P. 8(a)(2), (d)(1). Moreover, the plaintiff must "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

"The typical scenario in which a motion for a more definite statement is appropriate is when a plaintiff submits a so-called 'shotgun' pleading." *Wells Fargo Bank NA v. BBMJ, LLC*, 2012 WL 441286, at *1 (N.D. Fla. Feb. 10, 2012). Such a pleading "incorporates all of the general factual allegations by reference into each subsequent claim for relief." *Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009). With a classic shotgun pleading, it is not possible to know which factual allegations support which claims for relief. *See Giles v. Wal-Mart Distribut. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009).

"Because federal courts employ a standard of notice pleading and liberal discovery, motions for more definite statement are disfavored." *Ins. Co. of N. Am. v. Levin*, 2011 WL 3742048, at *5 (S.D. Fla. Aug. 5, 2011). "The basis for granting a motion for more definite statement is *unintelligibility*, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." *Martinez*, 2012 WL 834115, at *1 (emphasis added) (internal quotation marks omitted).

### B. Motion to Dismiss

Nelson filed a response, construing Defendants' motion as one principally for a more definite statement under Rule 12(e). *See* Doc. 10. Defendants do alternatively seek a more definite statement and frequently refer to Nelson's complaint as a "shotgun complaint," terminology common in a Rule 12(e) motion. *See* Doc. 9. Moreover, Defendants conclude: "Nelson's shotgun Complaint utterly disregards the most basic pleading standards, thereby depriving Defendants of any notice as to the

basis for her claims." *See id.* at 6. Such statement insinuates a request for Rule 12(e) relief.

Nelson erroneously argues, however, that Defendants' prayer for dismissal is frivolous because Defendants failed to properly support their argument with relevant legal authority. *See* Doc. 10 at 5.

Although Defendants' arguments could have been elaborated more fully and delineated more clearly, it is sufficiently clear that Defendants also seek dismissal under Rule 12(b)(6) for Nelson's alleged failure to state a claim for relief. *See* Doc. 9 at 1 (stating that they are moving "pursuant to Rule 12(b)(6)"). Defendants' intention is furthermore evidenced by their citation to *Iqbal* and their argument throughout their brief that Nelson pleads mere legal conclusions and fails to plead sufficient facts to state plausible claims for relief. *See* Doc. 9 at 1-6.

Accordingly, Nelson is **ORDERED** to file a brief responding to Defendants' arguments under Rule 12(b)(6).

IV. **CONCLUSION**

Nelson is **ORDERED** to file a brief within seven (7) days of this Order, responding to Defendants' Rule 12(b)(6) arguments, particularly the argument that Nelson has pled mere legal conclusions with insufficient factual allegations to state plausible claims for relief. Defendants may file a response within seven (7) days of Nelson's filing.

This 11th day of June 2012.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3