UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CHRISTINA M. NELSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OSI RESTAURANT PARTNERS LLC, )<br>d/b/a Carrabba's Italian Grill; OS )<br>RESTAURANT SERVICES, INC., )<br>d/b/a Carrabba's Italian Grill; and )<br>CARRABBA'S ITALIAN GRILL, )<br>)<br>Defendants. ) | Case No. CV412-104 |

## **ORDER**

On December 31, 2012, the parties submitted the report required by Fed. R. Civ. P. 26(f) outlining their proposed discovery plan in this case. Doc. 21-1. Although that report sought no extensions of the presumptive deadlines established by local rule, the defendants simultaneously filed a "Motion to Extend the Discovery Period" through April 1, 2013. In that motion, defendants advised that the parties were delinquent in conducting their Rule 26(f) conference, admitted that the Rule 26(f) report was due many months before it was filed, and blamed plaintiff's counsel for the delay in submitting the report. Doc. 21. Defendants further stated that they had been operating under the assumption that the parties were bound by the presumptive

discovery deadlines of Local Rule 26.1 and, under their interpretation of that rule, that discovery was set to expire on January 2, 2013, "140 days from the date of Defendants' Answer." *Id.* at 2. Yet, defendants conceded that the *only* discovery completed thus far in the litigation was their service of interrogatories and requests to produce and plaintiff's responses to that written discovery. *Id.* (noting that plaintiff's had not served any discovery and that the parties had "not yet scheduled any depositions").

The Court, too hastily it now appears, granted the requested extension of discovery but directed plaintiff to show cause why sanctions should not be imposed for failure to participate in the preparation of the Rule 26(f) report. Doc. 23. In his response, plaintiff's counsel readily concedes that "neither party filed a Rule 26(f) report with the Court within the required time" but endeavors to avoid any blame by pointing out that both parties are "jointly responsible" under the rules for preparing and filing the report. Doc. 24 at 2. Counsel explains that he both drafted and revised the report that was ultimately filed months after it was due. Plaintiff further represents that despite the failure to submit the Rule 26(f) report, the parties "proceeded with the customary deadlines" established by local rule as if the report had been timely filed.

2

Let us now count the ways in which counsel have neglected their duties under the rules which govern the practice of civil cases in this Court. First, both counsel assume that the local rules required them to conduct the Rule 26(f) conference and file their report no earlier than September 2012. They further assume that the deadline for discovery was necessarily tied to the filing of defendant's answer to plaintiff's amended complaint on August 15, 2012. Finally, they posit that they proceeded with discovery as if their delinquent report had been timely submitted and adopted by the Court. But these are false assumptions. The record reflects that plaintiff filed her sexual discrimination complaint on April 18, 2012, doc. 1, and that defendants filed a motion to dismiss that complaint on May 9, 2012. Doc. 9. The local rules required the parties to conduct their Rule 26(f) conference **"by the earlier of"** 21 days after the last answer or "45 days after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint." LR 26.1 (emphasis in original). As the triggering event here was the filing of defendants' motion to dismiss on May 9, 2012, the parties had 45 days, or until June 23, 2012, to conduct the discovery conference. By operation of Rule 26(f) and Local Rule 26.1, they were allowed 14 days after the conference to submit the report of their proposed discovery

plan. Thus, that report was due by July 7, 2012, over *two months* earlier than they assume in their brief.

It is the Court's practice to enter the scheduling order "after receiving the parties' report under Rule 26(f)," as contemplated by Fed. R. Civ. P. 16(b). Thus their failure to file the required report resulted in no scheduling order being entered. Had the parties complied with their obligations under the rules, the scheduling order would have been entered in early July 2012. That order would have allowed the parties 140 days to complete all discovery, which is precisely what they have requested all along. And contrary to their assumption, the Court would not have postponed the commencement of discovery until the later filing of defendants' answer to the amended complaint. Even had they requested such relief, it would have been denied, for it was clear at that time that plaintiff's complaint would either survive the motion to dismiss or that she would be allowed to recast her complaint to correct any technical pleading deficiencies.[1] Thus, the discovery deadline would have expired no later than mid-November 2012.

---

[1] Although the district judge did not deny defendants' motion to dismiss as moot until July 20, 2012, the parties never sought to stay the commencement or progress of discovery while that motion was pending.

4

The parties' assertion that they adhered to the local rule presumptive deadlines for discovery even absent the timely submission of a Rule 26(f) report and entry of a scheduling order is simply wrong. The Court understands that, whether justifiably or not, parties may overlook recent rule changes or some obscure provision of the rules, but Rule 26(f) and the local rules implementing it are neither recent nor obscure. And the parties' failure to adhere to that rule is especially egregious in light of the General Order that the Court issued to plaintiff at the outset of the case. Doc. 2 (which instructed plaintiff to serve the Order on each defendant). That Order expressly advised the parties of their obligations under Federal Rule 26 and Local Rule 26.1. Even if these counsel were new to federal practice, which they are not, in light of that Order they could not plead ignorance of the applicable rules. Thus there is really no excuse for their failure to abide by them.[2] Indeed, the parties never offer any explanation for their failure to submit even the Rule 26(f) report that they untimely prepared in October 2012, other than pointing out that they were each equally obligated to submit that report. Such blame shifting does counsel no credit. As the Court directed in its General Order, "a

---

[2] The fact that plaintiff was allowed to file an amended complaint in no way reset the deadline for the Rule 26(f) report or delayed the commencement of discovery.

party who cannot gain the cooperation of the other party in preparing the Rule 26(f) report should advise the Court prior to the due date of the report of the other party's failure to cooperate." Neither party respected this obligation.

The present case involves a run-of-the-mill claim that a female restaurant employee was subjected to sexual harassment by her employer. The parties have never suggested that the case deserved more than the customary 140-day discovery period established for routine cases. And yet they successfully sought and obtained an extension of discovery through April 1, 2013, which effectively means that they have secured an *eight-month* period for discovery (had it properly commenced in July 2012). It is further conceded by both parties that by the time defendants sought their discovery extension on December 31, 2012 -- well after discovery should have closed -- they had yet to take any depositions and, in fact, plaintiff had yet to commence any discovery whatsoever.

The Court rejects the parties' "no harm, no foul" argument. Their premise -- that the case progressed just as it would have had counsel respected the rules -- does not withstand scrutiny. It is not just the parties, but also the public, that bears the expense of protracted litigation. That is the reason that

courts set deadlines and enforce compliance with those deadlines. The parties cannot by private agreement or neglect avoid their obligations under the rules. But that is precisely what they have done here. Pointing this out has consumed a considerable amount of the Court's time, and thus their neglect has imposed that cost as well.

In view of all this, the Court rescinds its order of January 2, 2013 and hereby allows the parties 30 days from the date of this order to complete all discovery in this case.

**SO ORDERED** this 6th day of February, 2013.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA